LITTON SYSTEMS, INC., et
al., Plaintiffs,

v.

AMERICAN TELEPHONE AND
TELEGRAPH COMPANY, et
al., Defendants.

NEW YORK TELEPHONE COMPANY,
et al., Counterclaimants,

v.

LITTON SYSTEMS, INC., et al.,
Counterdefendants.

LITTON SYSTEMS, INC., Plaintiff,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Defendant.

Nos. 76 Civ. 2512(WCC), 77
Civ. 3720(WCC).

United States District Court,
S. D. New York.

Sept. 28, 1981.

OPINION AND ORDER

CONNER, District Judge:

could be connected to defendants' telephone network only through an interface device supplied and maintained by defendants have been supplanted by new tariffs permitting any equipment which has been certified as meeting prescribed specifications to be connected without an interface device.

3. Plaintiffs cite no evidence of threat or likelihood of other improper conduct of defendants, for example, retaliating for the prosecution of this action by refusing to purchase electronic components from plaintiffs, or anticompetitive practices directed against plaintiffs' airport control tower communication systems business.

4. Any attempt by defendants to pass along to their customers the costs of this action, including the damages awarded against them, is a matter for consideration, at least in the first instance, by the various regulatory agencies responsible for approval of defendants' rate structures.

SO ORDERED.

Howrey & Simon, Washington, D. C., Peter E. Fleming, Jr., Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiffs-counterdefendants; William Simon, John W. Nields, Jr., Washington, D. C., of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendants-counterclaimants; Leonard Joseph, Harvey Kurzweil, J. Paul McGrath, Joseph Angland, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge:

Plaintiffs' motion for injunctive relief is denied for the following reasons:

1. Plaintiffs withdrew from the telephone terminal equipment business about 1976 and have repeatedly declared that they do not intend to re-enter that business.

2. Defendants' past conduct which the jury found to be anticompetitive or predatory is unlikely to be repeated because defendants' previous tariffs providing that terminal equipment provided by others